## BROWN v. HIGGINS.

1. STATUTE OF FRAUDS: *How pleaded before J. P., and on appeal.*
The Statute of Frauds may be pleaded before a justice of the peace, and on appeal in the circuit court, orally and informally. No written plea is necessary in either court.

APPEAL from *Nevada* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*W. V. Thompkins* for Appellant.

No written pleadings are required before a justice of the peace, *Gantt's Dig., Sec. 3740,* and on appeal to the circuit court no greater certainty or formality is required than before the justice. *36 Ark., 501.*

Brown v. Higgins.

Appeals from justices are tried *de novo* on the merits, and amendments and new issues may be made. *35 Ark., 445.*

Even if appellant did not plead the Statute of Frauds before the justice, (which he did,) he had the right to plead it *orally* in the circuit court.

As to what constitutes an original undertaking, see *12 Ark., 174.*

*Montgomery & Hamby* for Appellee.

SMITH, J. This action was to recover three dollars, the balance due upon a pair of shoes sold and delivered to one Staggs upon the credit of the defendant. The justice's docket does not show upon what issue the case was tried before him. But in the circuit court, where the trial was before the court without a jury, the defendant's attorney, in stating his defense, before the introduction of any testimony, announced that he relied on the Statute of Frauds. The plaintiff himself swore, that before he would agree to sell Staggs the shoes, the defendant promised to pay one-half of the price. But another of his witnesses, who was present at the conversation, testified that the promise was that the defendant would see the balance paid. The defendant, in his testimony, denied having made any promise, either direct or collateral.

The circuit court, without passing upon the evidence or the weight of it, declared that the defendant could not have the benefit of the Statute of Frauds without specially pleading it, and proceeded to give judgment for the plaintiff. To his motion for a new trial, the defendant appended the affidavit of the justice of the peace from whose judgment the appeal was taken, showing that the case was defended and decided in his court upon the Statute of Frauds.

1. STATUTE OF FRAUDS:— How pleaded before J. P., and on appeal.

In proceedings before a justice of the peace the pleadings may be oral. And no greater formality is required when the case reaches the circuit court on appeal. This is, and always has been, the law in this State. *Mansf. Dig., Sec. 4050; Davis v. Pitman, Hempstead's Rep., 44; Chowning v. Barnett, 30 Ark., 560; Heartman v. Franks, 36 Ark., 501; T. & St. L. R'y v. Hall, 44 Id., 375.*

The circuit court erred in giving judgment for the plaintiff for want of a written answer; for the ruling practically amounts to this. It was sufficient for the defendant, when the case was called for trial, to indicate orally and informally what his defense was.

Reversed, and a new trial ordered.